**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
DANTE GOODEN, GILBERT MORALES, and
NYKKO GRAY,

                    Plaintiffs,

      -against-

NUZZOLESE BROS ICE CORPORATION,
VNLI CONSULTANCY CORP., and
VINCENT NUZZOLESE,

                    Defendants.
---------------------------------------------------------------X

*SUA SPONTE*
REPORT AND
RECOMMENDATION

CV 19-0297 (JS) (AKT)

**STEVEN I. LOCKE, Magistrate Judge:**

      On January 15, 2019, Plaintiffs Dante Gooden, Gilbert Morales and Nykko Gray ("Plaintiffs") commenced this action against Defendants Nuzzolese Bros Ice Corporation, VNLI Consultancy Corp., and Vincent Nuzzolese ("Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq*. *See generally* Complaint ("Compl.") [DE 1]. On December 10, 2019, the Court held a status conference, during which Plaintiffs' counsel, Thomas D. Barra, Esq., reported that certain medical issues prevented him from continuing his representation of the Plaintiffs. *See* December 10, 2019 Civil Conference Minute Order ("CCMO") [DE 17]. The Court advised Plaintiffs' counsel to file a motion to be relieved as counsel, pursuant to Local Civil Rule 1.4, no later than December 20, 2019. *Id*.

      On April 30, 2020, the Court entered an Order noting that the case had been dormant for some time and that Plaintiffs' counsel failed to file a motion to be relieved as counsel in accordance with the Court's prior directive. *See* April 30, 2020 Electronic Order. As such, the parties were directed to file a status report. *Id*. Defendants' counsel submitted a status report

advising that he had not otherwise heard from counsel since the December 10, 2019 conference. *See* DE 18. Defendants' counsel further advised that he had been unable to contact Plaintiffs' counsel after attempting to reach counsel by telephone, mail, and text message. *Id*. Based on counsel for Plaintiffs' failure to respond to the Court's April 30, 2020 Order, the Court set this case down for telephone conference on May 15, 2020 and advised Plaintiffs' counsel that "if he fails to participate in the … teleconference, the Court will have no alternative but to proceed with a recommendation to Judge Seybert that this case be dismissed for failure to prosecute and failure to comply with the Court's Orders." *See* May 9, 2020 Electronic Order. Plaintiffs' counsel failed to appear at the May 15, 2020 conference or to make any attempt to communicate with the Court or ask for an adjournment. *See* May 15, 2020 CCMO [DE 19]. Consequently, the Court scheduled a Show Cause Hearing for July 21, 2020 and provided, in pertinent part:

> **PLAINTIFFS DANTE GOODEN, GILBERT MORALES, AND NYKKO GRAY AND COUNSEL FOR PLAINTIFFS, THOMAS D. BARRA, ESQ., ARE HEREBY DIRECTED TO APPEAR BEFORE THIS COURT ON JULY 21, 2020 AT 10:00 AM AND SHOW CAUSE WHY THIS COURT SHOULD NOT RECOMMEND TO JUDGE SEYBERT THAT THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE**.; and it is further ORDERED,
>
> **THAT COUNSEL FOR DEFENDANTS IS DIRECTED TO APPEAR FOR THE JULY 21, 2020 HEARING**.; and it is further ….
>
> **ORDERED**, that Thomas D. Barra, Esq. is directed to serve plaintiffs with a copy of this Order forthwith by overnight mail and first-class mail and to file proof of such service on ECF on or before June 23, 2020.

*Id*. (emphasis in original).

Neither Plaintiffs' counsel nor Plaintiffs appeared for the July 21, 2020 Show Cause Hearing. *See* July 21, 2020 CCMO [DE 20]. Plaintiffs' counsel also failed to file any proof that he served Plaintiffs with the Court's May 15, 2020 Order. *Id*. The morning of the Show Cause Hearing, the Court reached out to Plaintiffs' counsel at the office telephone number listed on the

docket but was forced to leave a voicemail message. *Id*. Defendants' counsel was then directed to check with Defendants and provide the Court with the last known addresses of the three named Plaintiffs. *Id*. After receiving Plaintiffs' last known addresses from Defendants' counsel, the Court entered an Order on June 28, 2020 which provided, in pertinent part:

> [T]he Court is giving the Plaintiffs a final opportunity to inform the Court whether they have abandoned their claims or whether they intend to proceed with this case. Therefore, the Court is mailing this Order by first-class mail and certified mail, return-receipt requested, directly to the three Plaintiffs at the last known address provided for each of them by their former employer. Plaintiffs have a deadline of August 20, 2020 to send their responses in writing to this Court, addressed as follows:
>
> Hon. A. Kathleen Tomlinson
> United States Magistrate Judge U.S. Federal
> Courthouse
> 100 Federal Plaza
> Central Islip, NY 11722
>
> The Plaintiffs are hereby on notice that if they do not respond to the Court by the August 20, 2020 deadline, **the Court will have no alternative but to recommend to Judge Seybert that this case be dismissed based on Plaintiffs' failure to prosecute their claims**.

*See* DE 22 (emphasis in original). On August 17, 18, and September 1, 2020, the certified mailings directed to Plaintiffs were returned as undelivered. *See* DE 23-25.

"The district court [ ] has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *see also Loadholt v. Costco Wholesale Corp.*, No. 13-CV-0567, 2014 WL 4983684, at *1 (E.D.N.Y. Oct. 3, 2014) (adopting report and recommendation that the case be dismissed pursuant to Rule 41(b) in light of the plaintiff's failure to appear at conferences and a show cause hearing which evidenced the plaintiff's "apparent abandonment of his lawsuit"); *Paul v. Yu*, No. 13-CV-8824, 2014 WL 4631896, at *2

(S.D.N.Y. Sept. 12, 2014) (recommending dismissal of the action pursuant to Rule 4(m) and Rule 41(b) for failing to serve process or communicate with the Court despite counsel being advised twice of his obligation to do so).

In light of the foregoing circumstances, the Court can only conclude that Plaintiffs have abandoned this action. Therefore, the Court is compelled to recommend to Judge Seybert that the action be dismissed for lack of prosecution and for Plaintiffs' failure to comply with the Orders of this Court.

**Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.** *See* **Fed. R. Civ. P. 6(a) and (e). Any attorney filing objections must post those objections on ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal.** *Thomas v. Arn*, **474 U.S. 140, 155 (1985);** *Beverly v. Walker*, **118 F.3d 900, 901 (2d Cir. 1997),** *cert. denied*, **522 U.S. 883 (1997);** *Savoie v. Merchants Bank*, **84 F.3d 52, 60 (2d Cir. 1996).**

**Defendants' counsel is directed to serve a copy of this Order upon Plaintiffs forthwith by overnight mail and first-class mail and to file proof of such service on ECF by October 27, 2021.**

**SO ORDERED.**

Dated: Central Islip, New York
October 22, 2021

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge
